IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00510-WDM-BNB

WEDBUSH MORGAN SECURITIES, INC., a California corporation, and LAWRENCE C. HARTMAN, an individual,

    Plaintiffs,

v.

KIRKPATRICK PETTIS CAPITAL MANAGEMENT, INC., a Nebraska corporation,

    Defendant.

## ORDER ON MOTIONS TO RECONSIDER AND TO CLARIFY

Miller, J.

This matter is before me on the Motion to Clarify (doc no 131) and Motion to Reconsider (doc no 133) filed by Plaintiffs. On March 1, 2007, I issued an Order addressing several motions to dismiss filed by Defendant Kirkpatrick Pettis Capital Management, Inc. ("KPCM"). In the Order, I determined whether certain statements made by KPCM in an audit report ("Report") to its client, Douglas County (the "County"), were privileged or otherwise not actionable. For the reasons set forth below, the Motion to Clarify is granted and the Motion to Reconsider is denied.

    1.    <u>Motion to Clarify</u>

Plaintiffs request that I clarify the extent to which the Order encompasses Plaintiffs' claims for disparagement, as well as defamation. My analyses in the Order applied to both the disparagement and defamation claims. Accordingly, to the extent I determined that the statements are not actionable because they are true or privileged, they cannot support

either a defamation or disparagement claim. As noted in the Order, I identified "the statements identified in Paragraphs 79, 82, 91, 96, 97, 98, 99, 100, 102, 104 106, 108, which, if false and defamatory/***disparaging***" (emphasis added) could support Plaintiffs' claims for defamation or disparagement. However, for the sake of more clarity, I will amend my Order of March 1, 2007 as follows:

> KPCM's Motion to Dismiss (doc no 37) is granted in part and denied in part. Plaintiff's defamation and disparagement claims as set forth in Paragraphs 79, 82, 91, 96, 97, 98, 99, 100, 102, 104, 106, 108 of the Complaint remain pending and all others are dismissed. Plaintiff's Colorado Consumer Protection Act claim is dismissed. Plaintiff's claim of intentional interference with prospective business relations remains pending.

2. <u>Motion to Reconsider</u>

Plaintiffs request that I reconsider my analysis of various sections of the Report that I deemed to be not false or privileged opinion, and thus not actionable. Specifically, Plaintiffs argue that the statements by KPCM in the Report concerning the markups on three bond transactions and the overall portfolio turnover rate are false statements of fact. In addition, Plaintiffs ask that I reconsider my statement concerning the intended audience of the Report and what information was available to the County in assessing the statements in the Report.

The Report contained a number of statements concerning KPCM's estimates of the pricing and markups on certain bond transactions, which then formed the basis for several opinions by KPCM. I concluded that these were not actionable because the basis of the

2

opinion and calculation methodology were disclosed. Plaintiffs argue in their Motion that the data is false because KPCM should have contacted Plaintiffs to determine the actual prices charged on the bond trades rather than using a pricing service, which is based on an estimate of a trading price. Again, this kind of a disagreement over methodology does not make the computations "false," but rather reflects policy choices that are not properly the subject of a defamation or disparagement claim.

In addition, Plaintiffs appear to argue that KPCM did not disclose that it was estimating the markup and that its method was necessarily inaccurate. I disagree. The context and plain language of the statements make clear that KPCM is not representing that it knows the actual prices charged and corresponding markup. First, all of the statements at issue begin with the phrase "It appears that the securities were marked up [X amount]," which clearly indicates an estimate or an opinion. Second, the Report expressly discloses that the entire analysis is based on documents and information in the County's possession, not on information in Plaintiffs' possession. Since, as Plaintiffs have stated and as is apparent in the Report, only Plaintiffs knew the actual markups and prices paid, a reasonable reader would understand that KPCM had estimated the markups. Plaintiffs have not alleged (or made an offer of proof showing) that KPCM knew the actual prices charged but intentionally misrepresented them, but only that KPCM should have contacted Plaintiffs instead of using the pricing service estimate. Again, because the methodology is disclosed, I conclude that these statements are not actionable.

Plaintiffs also argue that their disagreement with KPCM over how turnover was calculated states a valid claim for defamation or disparagement. I disagree. Plaintiffs now

contend that the problem with KPCM's computation is the implied representation that its calculation method is "legitimate." Plaintiff offers other methods of calculation that result in different "rates" of turnover and contends that the inherent superiority or legitimacy of the various methods is a "fact" that can be proved true or false. Plaintiffs' argument and offer of proof demonstrate precisely why KPCM's computation is not actionable. How well a computation method reflects the underlying phenomena it represents falls into the realm of "evaluative" opinion, dependent on a multiplicity of variables and factors that different parties will give different weight, as shown by the numerous opinions offered on the subject in this case. Even if I agreed that KPCM's use of a computation contained an implied statement regarding the "legitimacy" of that methodology, which I do not, such an implied assertion would be a protected opinion and not actionable.

Finally, Plaintiffs take issue with my observation that the Report was directed at the County and was based on the information in the County's possession, so the County could evaluate the truth of the statements in the Report itself. Plaintiffs point out that certain background information, such as the deficiencies of the pricing service, as well as information in Plaintiffs' possession, were not in the County's possession. Although this may be true, it does not alter my basic conclusion, which is that the context of the Report is important in determining whether the reader (i.e., the County) would interpret certain statements to be false or based on undisclosed false facts. Plaintiffs also contend that the Report was directed at them as well as to the County. I disagree but agree with Plaintiffs that an injured party may be disparaged or defamed even if that party is not the audience of the alleged disparaging or defamatory statement, since a key element in both torts is

publication to a third party.

Accordingly, it is ordered:

1. Plaintiffs' Motion to Clarify (doc no 131) is granted. My Order dated March 1, 2007 (doc no 124) is amended as described above.

2. Plaintiffs' Motion to Reconsider (doc no 133) is denied.

DATED at Denver, Colorado, on April 6, 2007.

                BY THE COURT:

                s/ Walker D. Miller
                United States District Judge